FILED
CLERK
11:41 am, Jan 27, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LEONARD TYSON, JR.,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------------------X

**MEMORANDUM OF
DECISION & ORDER**
12-CV-4993 (ADS)

**APPEARANCES:**

**Leonard Tyson, Jr.** *Pro Se*
Prisoner No. 76090-053
F.C.I. Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 2000
Fort Dix, New Jersey 08640

**United States Attorney's Office
Eastern District of New York**
*Attorneys for the Respondent*
610 Federal Plaza
Central Islip, New York 11722
      By: Charles N. Rose, Assistant U.S. Attorney

**SPATT, District Judge.**

      On October 14, 2010, Leonard Tyson, Jr. (the "Petitioner") pled guilty to one count of conspiracy to distribute five kilograms or more of cocaine. Under the plea agreement, he waived his right to file an appeal or otherwise challenge his sentence or conviction if the Court sentenced him to 188 months or less. The Court imposed a 135-month prison sentence.

      Under the provisions of 28 U.S.C. § 2255, the Petitioner moves to vacate his sentence and conviction on two grounds: (1) his waiver was not made knowingly, voluntarily, and competently; and (2) his trial counsel rendered ineffective assistance. The Petitioner also requests an evidentiary

hearing to further develop his case. For the reasons set forth below, the Petitioner's motion is denied in its entirety.

## I. BACKGROUND

The Court assumes familiarity with the facts and procedural history of this case but summarizes the relevant details below. Between January 1, 2009 and June 25, 2009, the Petitioner participated in a large-scale cocaine trafficking organization on Long Island. After his arrest, the Federal Bureau of Investigation searched his apartment and found, among other things, a Ruger .44 Magnum revolver.

The Petitioner was indicted on July 23, 2009. (*See* Indict., Dkt. No. 5-1.) He was charged with four counts, including conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii)(II) & 846 ("Count One"). On March 2, 2010, the grand jury returned a superseding indictment, which largely paralleled the original. (*See* Superseding Indict., Dkt. No. 5-2.)

At first, the Petitioner was represented by court-appointed counsel William Wexler, Esq., who handled discovery. (*See* Discovery Ltrs., Case No. 2:09-cr-00515-ADS-1, Dkt. Nos. 42, 50, 55.) On December 31, 2009, the Petitioner retained Aaron M. Goldsmith, Esq. and Louis V. Fasulo, Esq. (the "trial counsel"). On June 30, 2010, they filed a motion to suppress the Ruger .44 Magnum revolver and drugs seized at the Petitioner's apartment. (*See* Case No. 2:09-cr-00515-ADS-1, Dkt. No. 124.) However, on October 7, 2010, the Petitioner withdrew the motion and consented to a plea agreement.

On October 14, 2010, the Petitioner signed a plea agreement with the Government, which provided that he would plead guilty to Count One. The Government agreed to dismiss the remaining three counts, which were firearm charges, but the plea agreement did include a two-

point enhancement for possession of a dangerous weapon. (Plea Agmt., Dkt. No. 5-3, ¶ 2.) The Petitioner "agree[d] not to file an appeal or otherwise challenge by petition pursuant to 28 U.S.C. § 2255 or any other provision the conviction or sentence in the event that the Court impose[d] a term of imprisonment of 188 months or below." (Plea Agmt. ¶ 4.)

On October 14, 2010, a plea hearing took place before Magistrate Judge William Wall. The following exchange occurred:

> THE COURT: Have you reviewed [the plea agreement] with Mr. Fasulo and do you understand it?
>
> DEFENDANT: Yes, your Honor.
>
> THE COURT: And does that agreement fully and accurately reflect the agreement that you have reached with the government?
>
> DEFENDANT: Yes, your Honor.
>
> THE COURT: Has anyone made any promises to you as to what your sentence will be?
>
> DEFENDANT: No, your Honor.
>
> THE COURT: Has anyone made any promises to you that have caused you to plead guilty? []
>
> DEFENDANT: No, your Honor.
>
>                 \*   \*   \*
>
> THE COURT: Are you making this plea of guilty voluntarily and of your own free will?
>
> DEFENDANT: Yes, I am, your Honor.
>
> THE COURT: Has anyone threatened or forced you to plead guilty?
>
> DEFENDANT: No, your Honor.

3

>
> THE COURT: And once again, has anyone made any promises to you as to what your sentence will be?
>
> DEFENDANT: No, your Honor.

(Plea Tr., Dkt. No. 5-4, at 10:6–19, 15:2–10.) The Petitioner also affirmed that he agreed to waive his right to appeal if the Court sentenced him to 188 months or less:

> THE COURT: It's also my understanding, Mr. Tyson, that [] in the plea agreement you've agreed not to file an appeal or otherwise challenge any other provision of the sentence in the event that the Court imposes a term of imprisonment of 188 months or below.
>
> Is that correct?
>
> DEFENDANT: Yes, your Honor.

(Plea Tr. at 12:10–16.) Based on these statements under oath, Judge Wall accepted the Petitioner's guilty plea.

Under the Federal Sentencing Guidelines, the Petitioner's total offense level was 31. Coupled with a criminal history category of IV, this calculation yielded an advisory guidelines range of 151 to 188 months.

On November 18, 2011, the Court sentenced the Petitioner to 135 months of incarceration followed by five years of supervised release. (Sen. Tr., Dkt. No. 5-5, at 32:25–33:2.) During the sentencing proceeding, the Petitioner expressed dissatisfaction with his trial counsel due to their alleged inability to return telephone calls. He stated no other complaints and chose to continue with his sentence despite the Court's offer to adjourn the sentencing. In this regard, the Court noted that "Aaron Goldsmith did a very good job in representing his client." (Sen. Tr. 28:18–19.)

On September 21, 2012, proceeding *pro se*, the Petitioner filed this motion to vacate his sentence and conviction, which was docketed in this Court on October 1, 2012. In this motion the

Petitioner argues that his trial counsel rendered ineffective assistance during the plea process and at the sentencing proceeding. The Petitioner has not asserted any claims against attorney William Wexler.

On June 26, 2015, the Petitioner filed an additional motion for a sentence reduction. Under the revised sentencing guidelines, the Petitioner's offense level was reduced from 31 to 29, resulting in an advisory guideline range of 121 to 151 months. The Petitioner requested a revised sentence of 121 months, which the Government did not oppose. On July 7, 2015, the Court granted this request and reduced the Petitioner's sentence from 135 months to 121 months.

Under the terms of the pending motion, the Petitioner asks this Court to vacate the weapon enhancement and resentence him to a 120-month prison term.

## II. DISCUSSION

In light of the Petitioner's *pro se* status, the Court must construe his submissions liberally and interpret them "'to raise the strongest arguments that they suggest.'" *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). This leeway, however, does not excuse the Petitioner "'from compliance with relevant rules of procedural and substantive law.'" *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981) (per curiam)).

### A. As to the Petitioner's Waiver

The Petitioner asserts that he "did not knowingly and voluntarily agree to a prison term to be as high as 188 months." (Pet. at 9.) His trial counsel allegedly stated that the "prison term would not exceed 120 months." (*Id.*) The Court finds that this argument is without merit.

As the Second Circuit has repeatedly emphasized, appeal waivers are presumptively enforceable. *Sanford v. United States*, 841 F.3d 578, 579 (2d Cir. 2016) (per curiam); *United States*

*v. Logan*, 845 F. Supp. 2d 499, 506 (E.D.N.Y. 2012) (collecting cases). However, a waiver may be unenforceable if it was not made "knowingly, voluntarily, and competently." *United States v. Gomez-Perez*, 215 F.3d 315, 318 (2d Cir. 2000). In making this determination, district courts may rely upon a defendant's sworn statements during a plea allocution. *See Salerno v. Berbary*, 389 F. Supp. 2d 480, 484–85 (W.D.N.Y. 2005). These statements "carr[y] such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony as to whether a plea was knowingly and intelligently made." *United States v. Juncal*, 245 F.3d 166, 171 (2d Cir. 2001).

Based on this record, the waiver is enforceable. During the plea allocution, the Petitioner unequivocally stated that he reviewed the plea agreement, accepted its terms, and made his decision without any promises by third parties. *See Logan*, 845 F. Supp. 2d at 512 ("[H]is statements during his guilty plea and sentencing confirmed that no one threatened him or forced him to plead guilty."). Thus, the Court finds that the Petitioner's waiver was made knowingly, voluntarily, and competently and is in full force and effect.

**B. As to Ineffective Assistance of Counsel, Generally**

"Claims of ineffective assistance of counsel can survive § 2255 waivers, but only when the claim relates to the negotiation and entry of a plea or sentencing agreement." *United States v. Cano*, 494 F. Supp. 2d 243, 248 (S.D.N.Y. 2007). Therefore, to the extent that the Petitioner challenges his sentence generally, those claims are barred.

As for the plea agreement, the Petitioner contends that his trial counsel: (1) misled him as to the possible sentence; (2) neglected to provide the Petitioner with any evidence; and (3) failed to argue against a weapon enhancement at the Petitioner's sentencing. (Pet. at 12–13.)

The Court finds that the Petitioner's arguments are without merit. To establish ineffective assistance of counsel, the Petitioner must establish two elements: deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 688–92, 104 S. Ct. 2052, 2064–67, 80 L. Ed. 2d 674 (1984).

As for deficient performance, the Petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S. Ct. at 2064. This inquiry embraces "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S. Ct. at 2065. In that regard, reviewing courts must be wary of the "distorting effects of hindsight," *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005) (internal quotation marks omitted), as "[t]here are countless ways to provide effective assistance in any given case and that [e]ven the best criminal defense attorneys would not defend a particular client in the same way." *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (alterations in original) (internal quotation marks omitted).

Even if the Petitioner can show deficient performance, he must also establish prejudice— that is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability "lies between prejudice that 'had some conceivable effect' and prejudice that 'more likely than not altered the outcome in the case.'" *Lindstadt v. Keane*, 239 F.3d 191, 199 (2d Cir. 2001) (quoting *Strickland*, 466 U.S. at 693, 104 S. Ct. at 2067–68)). "'[I]n the context of plea negotiations, the defendant must show that there is a reasonable probability that were it not for counsel's errors, he would not have pled guilty and would have proceeded to trial.'" *Abramo v. United States*, No. 12 Civ. 1803(JSR)(HBP), 2014 WL 1171735, at *11 (S.D.N.Y. Mar. 21, 2014) (Rakoff, D.J. & Pitman, M.J.) (alteration in original) (quoting *United States v. Arteca*, 411

7

F.3d 315, 320 (2d Cir. 2005)). Also, "'[i]n the context of sentencing, the petitioner must show that but for counsel's ineffectiveness, there is a reasonable probability that the sentence imposed would have been different.'" *Id.* (quoting *Garafola v. United States*, 909 F. Supp. 2d 313, 331 (S.D.N.Y. 2012)).

**1. As to the Petitioner's Prison Term**

The Petitioner contends that his trial counsel led him "to believe his prison term would be limited to 120 months." (Pet. at 12.) This argument is unavailing. The Petitioner discloses no facts that undermine the Court's finding that the Petitioner's waiver was made knowingly, voluntarily, and competently without coercion by any third parties. Indeed, as discussed above, the Petitioner's allegations are belied by the record. (*See, e.g.*, Plea Tr. at 10:13–15 ("THE COURT: Has anyone made any promises to you as to what your sentence will be? DEFENDANT: No, your Honor.").) Accordingly, the Petitioner has established neither deficiency of his representation nor prejudice to the Petitioner.

**2. As to the Production of Evidence**

The Petitioner also contends that his trial counsel "neglected to provide [him] with any evidence." (Pet. at 12.) However, "[i]n considering an ineffective counsel claim, a court need not accept a petitioner's uncorroborated, self-serving [statement] as true." *See Grullon v. United States*, No. 99 Civ. 1877(JFK), 2004 WL 1900340, at *6 (S.D.N.Y. Aug. 24, 2004).

Here, the Government provided attorney Wexler with items of discovery on September 10, 2009, October 2, 2009, and November 10, 2009. (*See* Discovery Ltrs., Case No. 2:09-cr-00515-ADS-1, Dkt. Nos. 42, 50, 55.) After new trial counsel were retained, they filed a motion to suppress on behalf of the Petitioner, who chose to withdraw the motion and plead guilty. Further, at the sentencing proceeding, the Petitioner only lodged complaints with regard to his trial counsel's

purported inability to return phone calls, not their failure to produce evidence. Despite the Court's offer to adjourn the proceeding, the Petitioner chose to continue with his guilty plea. In light of these occurrences, the Court finds that the Petitioner's argument is totally without merit.

### 3. As to the Weapon Enhancement

The Petitioner's final argument is that his trial counsel "fail[ed] to argue against the Court's weapon enhancement" at sentencing. (Pet. at 13.) In the Petitioner's view, the Government dismissed the firearm offenses in the original indictment "but then resurrected them at sentencing," violating the Fifth Amendment of the Constitution. (*Id.* at 16.)

However, the Petitioner did not object to the two-point sentencing enhancement for the Ruger .44 Magnum revolver. (Sen. Tr. at 6:15–21, 16:8–11; *see also* Case No. 2:09-cr-00515-ADS-1, Pet'r's Nov. 15, 2011 Ltr., Dkt. No. 183, at 1 (raising no objection as to "the inclusion of enhancement points for the firearm found at [his] apartment during the arrest and seizure")). Moreover, the Court finds no due process or double jeopardy violations because both the original indictment and the superseding indictment contained the firearm offense.

Furthermore, if the Petitioner's trial counsel argued against the weapon enhancement, the Petitioner may have faced a higher sentence. Under the plea agreement, the Petitioner benefitted from a three-point reduction for acceptance of responsibility. With this downward variance, his total offense level was 31, resulting in an advisory guidelines range of 151 to 188 months. Without it, his total offense level would be 34, which results in an advisory guidelines range of 210 to 262 months. U.S.S.G. § 5, Pt. A, 18 U.S.C.A. Thus, trial counsel's decision was neither deficient nor prejudicial. *See, e.g.*, United States v. Jin Chen, Nos. 03 Cr. 567(DC), 09 Civ. 10278(DC), 2011 WL 5865732, at *6 (S.D.N.Y. Nov. 22, 2011) ("Counsel's failure to challenge a sentencing enhancement . . . is not prejudicial unless it increases the defendant's sentence.").

9

Alternatively, the Petitioner asserts that the Government could not establish the weapon enhancement because "[t]he evidence is void that [he] used his firearm during the commission of drug trafficking." (Pet. at 15.) Even if these assertions were true, the Petitioner's trial counsel did not act deficiently because the Petitioner signed a plea agreement, which included the weapon enhancement. *See Albanese v. United States*, 415 F. Supp. 2d 244, 251 (S.D.N.Y. 2005) (rejecting a challenge to a sentence enhancement because the defendant signed a plea agreement and "knowingly and voluntarily agreed to abide by its terms"). At the plea allocution, the Petitioner explicitly affirmed that he read and understood all aspects of the agreement. (*See, e.g.*, Plea Tr. at 10:9–12 ("THE COURT: And does that agreement fully and accurately reflect the agreement that you have reached with the government? DEFENDANT: Yes, your Honor.").)

Moreover, "'no prejudice exists when a plea agreement lessens the severity of the sentence defendant would face if convicted at trial.'" *Padilla v. Keane*, 331 F. Supp. 2d 209, 217 (S.D.N.Y. 2004) (quoting *Feliz v. United States*, Nos. 01 Civ. 5544(JFK), 00 CR. 53(JFK), 2002 WL 1964347, at *7 (S.D.N.Y. Aug. 22, 2002)). Indeed, if the case proceeded to trial, the Petitioner could have faced a harsher sentence based on Counts One and Two. *See* 21 U.S.C. § 841(b)(1)(A)(ii)(II) ("a term of imprisonment which may not be less than 10 years") & 18 U.S.C § 924(c)(1)(A)(i) ("a term of imprisonment of not less than 5 years"). Thus, the Petitioner's weapon enhancement argument is denied.

## C. As to the Petitioner's Request for an Evidentiary Hearing

The Petitioner also requests an evidentiary hearing to present his weapon enhancement argument to the Court. (Pet. at 18.) However, an evidentiary hearing is not required where, as here, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Here, the Petitioner has not raised any issues of material fact. The Court has considered the parties' submissions, the superseding indictment, the plea agreement, and the transcripts for the plea allocution and the sentencing proceeding. All of these documents present facts and legal conclusions that are contrary to the Petitioner's allegations. Thus, in the exercise of this Court's discretion, his request for an evidentiary hearing is denied.

### III. CONCLUSION

The Petitioner's motion to vacate his conviction and sentence (Dkt. No. 1) is denied.

The Court declines to issue a certificate of appealability because the Petitioner has not made a substantial showing that he was denied a constitutional right. *See* 28 U.S.C. § 2253(c)(2). The Court also certifies that any appeal of this Order would not be taken in good faith, and thus his *in forma pauperis* status is denied for the purposes of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962).

Based on the Petitioner's request, the Clerk of the Court is respectfully directed to mail a copy of the sentencing transcript (Dkt. No. 5-5) to the Petitioner. Also, the Clerk of the Court is respectfully directed to mail a copy of this Order to the Petitioner and close the case.

**SO ORDERED.**
Dated: Central Islip, New York
January 27, 2017

                */s/ Arthur D. Spatt*
                ARTHUR D. SPATT
                United States District Judge